**Maria Soccoro CARABEO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–70367.**
**INS No. A71–854–091.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2001.

Decided Nov. 5, 2001.

Before REINHARDT, HAWKINS, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Because we determine that there is no substantial evidence to support the determination of the Board of Immigration Appeals ("BIA") that Ms. Carabeo failed to satisfy the objective prong of the well-founded fear of persecution test, her petition for review is granted.

Ms. Carabeo's testimony, presumed to be credible in the absence of BIA challenge, *Damaize–Job v. INS*, 787 F.2d 1332, 1338 (9th Cir.1986), conclusively demonstrates that she has an objectively reasonable basis for her fear of persecution. The fear stems directly from her service as a forensic accountant with the Philippine Presidential Commission on Good Government ("PCGG"), an organization whose function was to help recover the billions of dollars taken by the Marcos family. She came to the United States at the request of the government and testified in its criminal prosecution of the Marcos family. Upon her return to the Philippines, where she was to testify in a domestic trial there, Ms. Carabeo began receiving threats by telephone and notes, warning that she would suffer the consequences if she did not stop testifying against the Marcos family and its associates. The threats were effective with respect to at least one co-

worker at PCGG, who refused to testify after initially agreeing to do so.

After a PCGG director was killed in 1991, following threats to him as well, Ms. Carabeo's fears intensified. Ms. Carabeo also introduced evidence of the reputation of the Marcos regime for revenge, including newspaper clippings detailing Marcos-directed street-level executions of their opponents. Additional support for her claim was provided by the continued exercise of political and military power by the Marcos family and by Mrs. Marcos living freely in the Philippines despite a 15–20 year prison sentence. Finally, she pointed to the recent elevation of Ferdinand Marcos, Jr., to a position in the Philippine national government.

Threats on one's life, within a context of political and social turmoil or violence, have long been held sufficient to satisfy an immigrant's burden of showing an objective basis for fear of persecution. *Korablina v. INS*, 158 F.3d 1038, 1045 (9th Cir. 1998); *Desir v. Ilchert*, 840 F.2d 723, 729 (9th Cir.1988). In the context of the threats against her life and the largely unchallenged facts presented by Ms. Carabeo, we find that "a reasonable fact-finder would have to conclude that the requisite fear of persecution existed." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). That the threats were not carried out while she was in the Philippines does not, contrary to the BIA's reasoning, constitute substantial evidence supporting the denial of petitioner's asylum claim.

PETITION GRANTED.

RAWLINSON, Circuit Judge, Dissenting.

I respectfully dissent. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

117 L.Ed.2d 38 (1992), instructs that we are to defer to an asylum determination made by the Board of Immigration Appeals ("BIA"), so long as its decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole". *Id.* We may reverse the BIA's determination only if evidence compels a contrary result. *Id.* The record reflects that during the second trial in the Philippines, when the threats were occurring, Ms. Carabeo continued to testify, and was not harmed. There is absolutely no evidence in the record that the threats were acted upon in any way. Although threats alone may constitute persecution, as the majority recognizes, a finding of persecution is not compelled by virtue of the existence of threats. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000). Accordingly, I would deny the petition.